UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HORNE, | No. 2:15-cv-2388 MCD CKD PS |
| Plaintiff, | |
| v. | ORDER |
| DORATHY HARRIS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.
4        In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
9  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
12 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15 U.S. 232, 236 (1974).
16       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
17 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
18 court has determined that the complaint does not contain a short and plain statement as required
19 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
20 complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
21 v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
22 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
23 claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),
24 the complaint must be dismissed.  The court will, however, grant leave to file an amended
25 complaint.
26       If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
27 grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).
28 /////

1   Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation
2   of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

3   It appears that plaintiff may be trying to state a claim under the Fair Housing Act for
4   failure to accommodate plaintiff's disability.  To state such a claim, plaintiff must allege facts
5   showing the following: "(1) that the plaintiff is handicapped within the meaning of 42 U.S.C. §
6   3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap;
7   (3) that accommodation of the handicap may be necessary to afford the handicapped person an
8   equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and
9   (5) that defendant refused to make the requested accommodation."  DuBois v. Assoc. of
10  Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006); see also
11  Intermountain Fair Hous. Council v. CVE Falls Park, L.L.C., No. 2:10-CV-00346-BLW, 2011
12  WL 2945824, at *6 (D. Idaho July 20, 2011); 24 C.F.R. § 100.65(b)(1) (federal fair housing
13  regulations prohibit using security deposits because of handicap).  It is not clear from plaintiff's
14  complaint whether he presently owns a service animal; in any amended complaint plaintiff should
15  clarify whether he presently uses a service animal or has access to an animal trained in the
16  services plaintiffs needs for his alleged handicap.

17  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
18  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
19  complaint be complete in itself without reference to any prior pleading.  This is because, as a
20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22  longer serves any function in the case.  Therefore, in an amended complaint, as in an
23  original complaint, each claim and the involvement of each defendant must be sufficiently
24  alleged.

25  In accordance with the above, IT IS HEREBY ORDERED that:
26  1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;
27  2. Plaintiff's complaint is dismissed; and
28  /////

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 23, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 horne2388.ifp-lta