UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HORNE, | No. 2:15-cv-2388 MCE CKD PS |
| Plaintiff, | |
| v. | ORDER |
| DORATHY HARRIS, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

Although inartfully pled and replete with irrelevant extraneous allegations, it appears that plaintiff alleges a claim under the Fair Housing Act for failure to accommodate plaintiff's disability. To state such a claim, plaintiff must allege facts showing the following: "(1) that the plaintiff is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." DuBois v. Assoc. of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006); see also Intermountain Fair Hous. Council v. CVE Falls Park, L.L.C., No. 2:10-CV-00346-BLW, 2011 WL 2945824, at *6 (D. Idaho July 20,

2011); 24 C.F.R. § 100.65(b)(1) (federal fair housing regulations prohibit using security deposits because of handicap).  Construing plaintiff's pleadings liberally, the court finds that this action shall proceed as a claim under the Fair Housing Act.

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In determining whether exceptional circumstances exist, a court must consider both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  In this case, plaintiff alleges that his psychologist has recommended the use of a service dog for his mental handicap, that he informed his landlady of the need for a service dog and that the defendant landlady was aware of his mental handicap, and that the landlady refuses to allow plaintiff to have a service dog.  Plaintiff has submitted evidence in support of his allegations.  See ECF No. 6 (letter from psychologist indicating plaintiff has serious mental illness and prescribing emotional support animal [dog] and stating plaintiff likely to decompensate without such animal).  Under these circumstances, the court finds plaintiff may prevail in this action.  With respect to plaintiff's ability to articulate his claims, although the court finds that plaintiff's first amended complaint states a claim, the complaint is unfocused and sets forth irrelevant matters.  In light of plaintiff's prior history of placement in special education classes, the court finds it unlikely the plaintiff will be able to successfully litigate this action, even if it is meritorious.  The court therefore finds the requisite exceptional circumstances exist in this matter and will appoint counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for plaintiff will be appointed under 28 U.S.C. § 1915(e)(1).

2. This action is referred to the Court's Alternative Dispute Resolution and Pro Bono Program Director Sujean Park to locate an attorney who is admitted to practice in this Court and is willing to accept the appointment.

/////

/////

1       3. This action is stayed pending the appointment of counsel. Plaintiff need take no further action to prosecute this case until counsel is appointed.

Dated: February 3, 2016

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 horne2388.cou